IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Boards of Trustees of the**
**Ohio Laborers Benefits**,

        Plaintiffs,

  v.

**Kyle J. Sherman Excavating, LLC**,

        Defendant.

Case No: 2:23-cv-2476

Judge Graham

Magistrate Judge Jolson

## ORDER

This matter is before the Court upon Plaintiffs' *Motion for Default Judgment*, filed December 15, 2023. ECF No. 10. An *Entry of Default* against Defendant was entered by the Clerk on October 10, 2023. ECF No. 6. Plaintiffs seek a judgment for liquidated damages, interest, attorney's fees, and costs. Pls.' Mot., 2. Plaintiffs have submitted a *Declaration of Brian Gaston* (ECF No 10-1) and *Declaration of Ryan K. Hymore* (ECF No. 10-7) in support of the amounts sought. Plaintiffs represent that they have served their motion on the Defendant by regular mail.

Plaintiffs are fiduciaries of four (4) employee benefit plans established pursuant to various collective bargaining agreements. In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts plaintiff's well-pled allegations as to a defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a sufficient basis exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted).

Employers violate 29 U.S.C. § 185 when they breach the terms of a collective bargaining agreement. The elements of a breach of collective bargaining agreement claim mirror the standard breach of contract elements, and Plaintiffs must prove that they are entitled to enforce the collective bargaining agreement as third-party beneficiaries. *Anderson v. AT&T Corp.*, 147 F.3d 467, 473 (6th Cir. 1998). Additionally, 29 U.S.C. § 1145 empowers trustees of union employee benefit plans to sue employers in federal court to enforce the terms of contractual agreements when employers are not timely paying into the benefit plan on behalf of their employees. *Laborers Health & Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546, 108 S. Ct. 830, 834 (1988).

The complaint alleges that Defendant entered into collective bargaining agreements which required Defendant to "file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits." Pls.' Comp., ¶¶ 7-9. The Complaint alleges that Defendant failed to perform these obligations. *Id.* at ¶ 17.

The Court finds that the allegations sufficiently allege that Plaintiffs are fiduciaries entitled to enforce the collective bargaining agreement. Additionally, the Court finds that these allegations set forth a sufficient basis to sustain a claim for breach of the collective bargaining agreement in violation of 29 U.S.C. § 185 as well as a violation of 29 U.S.C. § 1145, and that Plaintiffs are therefore entitled to default judgment under Rule 55(b).

The Court may enter an award without a hearing when "plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Plaintiffs have submitted documentation supporting the calculated damages and interest (ECF No 10-1) and supporting the amount of attorney fees and court costs (ECF No. 10-7). The Court finds these

damages to be for a "sum certain," and the Court further finds the attorney fees and costs to be reasonable.

The Court finds, upon the materials before it, that Plaintiffs are entitled to judgment in the amounts as follows: $13,472.01 in liquidated damages, $1,105.86 in interest, $3,285.76 in attorneys' fees, and $536.73 in court costs. Plaintiffs have stated that Defendant is entitled to a credit of $1,813.56. *See* Pl.'s Mot., 2 n.1. Accordingly, the Court **GRANTS** default judgment in the total amount of $16,586.80.

**IT IS SO ORDERED**.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: February 28, 2024